# Frailey v. Rice et al.

(Decided March 8, 1929.)

W. J. WARD for appellant.

KIRK, KIRK & WELLS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Monterville Preston owned a small tract of land near the corporate limits of Paintsville, Ky., and which is now a suburb of that town and known as Greentown. In 1903 he conveyed it to James W. Turner, and on October 23 of that year the latter conveyed a portion of it to John B. Wheatley, and which portion is now owned by appellant and plaintiff below, Milliard Frailey; the title to it in the meantime having passed through a number of intervening owners. Plaintiff's immediate vendor was E. L. Dingus, who conveyed it to plaintiff on November 10, 1922, and Dingus purchased it at a decretal sale made pursuant to a judgment of the Johnson circuit court in the case of Stafford v. Estep, and the commissioner's deed to him was executed on July 10, 1922. Turner, after conveying the lot to Wheatley, conveyed the remainder of the tract to F. H. Yates, and he in turn to others, until

at the time of the filing of this action the entire plot of ground had become divided into lots, streets, and alleys which were occupied as residences by the various owners. The lot immediately west of plaintiff is owned by the defendant and appellee, Will Rice, and which is separated from plaintiff's lot by what was originally a 12-foot alley, but now widened by consent of the abutting owners to a 30-foot street. Immediately north of plaintiff's lot is the one owned and occupied by the appellee and defendant, Tom Frailey, and by this equity action filed by plaintiff in the Johnson circuit court against defendants he alleged his ownership of the lot so conveyed to him and that defendants were each asserting title to a portion of it, which he disputed and asked that his title be quieted.

Defendants each denied the assertion of title by them to any portion of plaintiff's lot, and by counterclaim sought to require him to open an alley 20 feet wide lying immediately south of his lot and south of the one owned by defendant Rice, running from the present 30-foot street immediately west and in front of plaintiff's lot to the Big Sandy river, and which they alleged that plaintiff had inclosed so as to prevent defendants and other members of the public, including the owners of the various lots of the subdivision, from traveling or using it to the river. They also sought in the same counterclaim judgment requiring plaintiff to open a street 30 feet wide running north and south through the rear or east end of his lot upon the brink of the west bank of Big Sandy river, which street was reserved by Preston in his deed to Turner and in all intervening deeds from that time, but which had never been opened for public use. Plaintiff denied the existence of either the 20-foot alley at the south of his lot, or the 30-foot street reserved near the east end of it, and, according to his counsel, he attempted to assert title to the portions of both of them that he had inclosed, by adverse possession and to which he will later refer.

Proper pleadings made the issues, and upon final submission the court dismissed plaintiff's petition, but sustained defendants' counterclaim to the extent of requiring plaintiff to open the 20-foot alley on the south of his lot and along its entire length to the river; but the court rendered no judgment either the one way or the other concerning the 30-foot street running north from that alley to another street on the north edge of the orig-

inal subdivision as owned by Preston. Complaining of that judgment plaintiff prosecutes this appeal, and defendants have obtained in this court a cross-appeal seeking an extension of the judgment so as to require plaintiff to open the 30-foot street across his lot on the brink of the west bank of the Big Sandy river as above referred to.

In this court plaintiff's counsel does not contend for a reversal of the judgment denying plaintiff the relief he sought in his petition, and which we suppose is for the manifest reason that there is not a shadow of ground for such contention. Plaintiff's description, as well as that of his vendors, immediate and remote, begins at the southwest corner of his lot at the north side of the 20-foot alley, and runs thence east to Big Sandy river, thence down the river 48 feet; thence west to the 30-foot street; thence south to the beginning corner; but the description refers to the 30-foot street in front and west of plaintiff's lot as an alley, since at the beginning it was designated as a 12-foot alley, but subsequently widened by mutual consent of the abutting lot owners to its present width. The description furthermore says that the east and west lines of plaintiff's lot crosses "a thirty foot reserve for a street . . . being two lots, one on each side of said reserve for street." No encroachment whatever upon plaintiff's boundary by either of the defendants was proven or attempted to be proven, and the court most properly dismissed the petition.

But counsel for plaintiff vigorously attacks the judgment on the counterclaim of defendants in so far as it required him to open and not thereafter inclose the 20-foot alley along the south boundary of his lot and extending its entire length to the river. It is not contended that plaintiff, or any of his vendors from Preston down, held any record title to that alley; nor could such contention be made in the face of the deeds filed in the record, each of which conveys only to the north boundary of that alley and no land south of it. But plaintiff contends that the alley has never been opened or used, and that he and his vendors have acquired title to it by adverse possession. In answer thereto, it might first be said that we find no such pleading in the record asserting title to that alley by adverse possession. But if there had been such a pleading, the evidence completely fails to sustain it. The first fencing of the alley occurred in 1912 or 1913,

when plaintiff's lot was owned by a Mr. Robinson, who built the fence across it, but he put a gate therein so that people could and did use the fenced space back to the river as occasion and their necessities required. Moreover, it is shown by a witness who assisted in constructing that fence that Robinson did not build it with a view of annexing the inclosed alley to his lot by asserting title to it, but only to use the alley in connection with his lot so long as he might be permitted to do so. It is therefore clear that no sort of title to the inclosed alley was owned by plaintiff, and the court properly directed him in the judgment to open it and to not inclose it in the future, and which disposed of the appeal adversely to plaintiff.

By the cross-appeal defendants seek an extension of the judgment so as to require plaintiff to open the 30-foot street on the brink of the Big Sandy river near the rear end of his lot, and which is also reserved in the deeds to all of the lots, including that of plaintiff, from Preston on down. As we have hereinbefore stated, that street has never been opened, but each lot owner has had inclosed that portion of it crossing his lot. In all the deeds following the one from Preston, the reserved space for that street was made, and because of that fact there could be and was no continuity of adverse holding of any portion of it, since each lot owner's use of his inclosed portion of the reserve had its beginning at the time he obtained his deed. Each deed was an express recognition by the vendor therein that the inclosed portion of the reserved space, covered by the conveyed lot, was not adversely held by him, and which required the vendee in the various deeds to start his adverse holding after he obtained his deed. That being true, plaintiff's adverse holding of that portion of that street crossing his lot could not possibly extend farther back than the date of his deed (November 10, 1922), and if his holding thereof was of such a character as to be adverse in law so that it would ripen into prescriptive title at the expiration of 15 years, he had acquired no such title at the time of the filing of the counterclaim herein by defendants, and the court would have been justified in decreeing the opening of that street across plaintiff's lot if it had seen proper to do so. But, we repeat, it rendered no judgment of any character on that issue. It neither dismissed the counterclaim in so far as it sought that relief, nor did it adjudge that

plaintiff was not required to open the street across his lot, and under the condition of the record as brought to us that question is still pending in the trial court. In such circumstances we are without authority to grant any relief on the cross-appeal; but we would be disinclined to do so if the condition of the record was such as to authorize it, since it would be of no benefit to defendants, or to the members of the public, to open that street for the distance of 48 feet across plaintiff's lot without extending it to the street on the north edge of the Preston plat and through the lots of other owners between the latter street and plaintiff's lot. It is intimated in some portions of the testimony and in brief of defendants' counsel that the other owners are willing for that street to be opened, but none of them were parties to this proceeding, and to require the opening merely across plaintiff's lot so as to create a cul-de-sac, and without the possibility of benefiting plaintiffs or any other member of the public, would serve no present purpose whatever. When, however, all parties agree, or when proper proceedings are instituted for the purpose, the street (under the facts as they appear in this record) can be required to be opened; but since the court, as we have seen, rendered no judgment on that issue, we are not authorized to direct any judgment thereon.

Wherefore, the judgment in the original appeal is affirmed, but the cross-appeal is dismissed without prejudice.